## BILL GREEN v. STATE.

### No. 2017.   Decided March 5, 1913.

**1.—Murder—Evidence—Absent Witness.**

Where the State showed the absence of a witness on a former trial and inferentially left the impression that the testimony of the said absent witness was favorable to the State, the defendant should have been permitted to show that such testimony was favorable to defendant, and a refusal to permit him to do so was reversible error.  Following Sweeney v. State, 65 Texas Crim. Rep., 593.

**2.—Same—Absent Witness—Reproduction of Testimony.**

The mere fact that the witness was absent would not authorize his former testimony to be reproduced, unless it was shown that he was dead, beyond the jurisdiction of the court, or intentionally kept away.  Following Robertson v. State, 63 Texas Crim. Rep., 216.

**3.—Same—Charge of Court—Manslaughter.**

Where defendant had been acquitted at a former trial of both degrees of murder, the court correctly charged upon manslaughter.

**4.—Same—Evidence—Bias of Witness.**

It is always permissible to prove the bias and prejudice of any witness by himself, and if he denies by another.

**5.—Same—Aggravated Assault—Charge of Court—Intent—Deadly Weapon.**

Where, upon trial of manslaughter after an acquittal of murder, the evidence showed that there was no proof that the instrument used by the defendant was a deadly weapon, and he testified that he did not intend to kill and there was also testimony that the deceased began the difficulty by an assault upon defendant, the court should have submitted aggravated assault as requested.

Appeal from the District Court of Knox.   Tried below before the Hon. J. A. P. Dickson.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*L. W. Dalton,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of aggravated assault: Hill v. State, 11 Texas Crim. App., 456; Thompson v. State, 24 id, 383; Boyd v. State, 28 id, 137; Wilson v. State, 49 Texas Crim. Rep., 50; Lucas v. State, 49 id, 135; Terrell v. State, 53 id, 604.

PRENDERGAST, JUDGE.—Upon a charge of murder, appellant was convicted of manslaughter and his penalty fixed at the highest.

As this case must be reversed we do not comment upon the evidence, nor state it other than is necessary to decide the questions raised.   This was the fourth trial of this case, the other three resulting in hung juries.

In all three of the other trials the State had produced and had to

testify for it, the witness Ed Cope, who was absent at this trial. Said Cope was an eyewitness to the killing. It was, therefore, permissible for the State to show that it had theretofore had and introduced him as a witness. The object and purpose of this, however, inferentially at least, was to show that the testimony of this witness, if present, would be again favorable to the State. The appellant denied that the testimony of this witness was favorable to the State, and contended that it was favorable to him. As the State had proved as above stated, it was competent for the appellant to prove the testimony of this witness, and thereby show it was not favorable to the State, but if anything in his favor. It would certainly be unjust to the appellant to permit the State to show the absence of a witness and that on all former trials it had him present and used his testimony in behalf of the State, and thereby indirectly, at least, tend to show his testimony was for the State and against appellant, and not permit the appellant to prove to the contrary. So that, while the court did not err in admitting the testimony of Mr. Dalton, having admitted that, it did err in not permitting the defendant to prove the testimony of the absent witness and thereby rebut the inference in favor of the State. (Sweeney v. State, 65 Texas Crim. Rep., 593, 146 S. W., 883.) The mere fact that the witness was absent would not otherwise authorize his former testimony to be reproduced, unless and until he was shown to be either dead or out of the State, or his presence prevented by appellant, except for the purpose, and under the circumstances above stated. Robertson v. State, 63 Texas Crim. Rep., 216.

The evidence does raise the issue of manslaughter and the court did not err in charging thereon. The appellant having been acquitted of murder in the first and second degree, in another trial it will be necessary to charge on manslaughter.

Bill Doss was an important witness for the defendant and gave material testimony in his favor. The court did not err in permitting the State to ask and prove by him on cross-examination that the early morning after the killing the night before, he had gone to and asked Will Prather and others if they had heard anybody say that he was implicated in the cutting of the deceased. It is always permissible to prove the bias and prejudice of any witness by himself, and if denied by him, by another. This evidence tended to show that the witness Doss recognized that his connection with the fatal difficulty was such as to show that he was biased in favor of appellant.

The appellant contends that the evidence raised, and the court should have charged on, aggravated assault. In our opinion his contention is correct.

The uncontradicted evidence shows that the appellant was a young fellow about seventeen years old, rather small in stature; at least so, when compared with the deceased and was a year or more younger than the deceased, weighed only a little more than 120 pounds, while

the deceased weighed considerably more; that the deceased was a much larger, taller, and stronger man than the appellant. It further shows that some ill-feeling had arisen between the two parties. The deceased, in a quiet and peaceable manner, just before the killing, invited the appellant out telling him that he wanted to see him. Some of the witnesses say that he invited appellant alone; others, that he invited appellant and said Doss. At any rate, the three persons went out of the yard at the gate of the house where they were attending a party, some little distance to a well, where the three persons stopped. Cope, the other eyewitness, followed within some fifteen feet of them, and he also stopped. The testimony also shows that after some words briefly between them, deceased struck and knocked appellant down and jumped on him and began beating him. Among other things, appellant testified that after deceased knocked him down and got on him, "he hit me four or five times. When I fell I ran my hand in my pocket and got my knife to cut him off of me. I did not intend to kill him; he was so much bigger than I was, I just wanted to cut him off of me. My intention was just to make him get off of me. I did not intend to cut him in any fatal place; did not intend to kill him."

There is no direct evidence in the record that the knife with which appellant cut and killed deceased was a deadly weapon. While it was identified and introduced in evidence, the record in no way discloses its size, nor directly that it was a deadly weapon, or other than an ordinary pocket knife. The mere fact that appellant testified that he did not intend to kill the deceased and that he intended to merely cut him to make him get off of him, and that he did not intend to cut him in any vital point, might not of itself reduce the killing to aggravated assault. His intent is to be measured and determined by the jury by all the facts and circumstances in evidence as well as his testimony on this point. The facts show that he cut the deceased some six or seven times. Once in the left breast in the region of the heart,—a vital point; another time, he cut and severed the large artery in the thigh, another vital point. The character of the instrument with which the wounds were inflicted and the manner of its use, are to be considered, as well as appellant's said testimony, in determining his intent with which the cutting and killing was done. However, all these matters were for the jury. As stated above in our opinion the evidence clearly raised, and the court should have submitted, the question of aggravated assault to the jury under appropriate instructions in accordance with the testimony. Arts. 1147, 1149, and 1150 P. C. and cases cited in sec. 434 Branch's Crim. Law of Texas.

There is no other question raised likely to occur on another trial; so that it is unnecessary to discuss any other question.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*